UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

| | |
|---|---|
| **CORY HOLLAND, SR.,** | **2:22-CV-10383-TGB-CI** |
| Plaintiff, | |
| vs. | **ORDER DISMISSING COMPLAINT** |
| **SUNITA DODDAMANI, et al.,** | |
| Defendants. | |

Plaintiff Cory Holland, Sr. filed this pro se lawsuit along with an application to proceed in forma pauperis. ECF Nos. 1, 2. He brings claims against two state officials, Sunita Doddamani (Michigan Assistant Attorney General and head of the Hate Crime and Domestic Terrorism Unit) and Eric Smith (former Macomb County Prosecutor), for violating his constitutional rights. The Court issued a show cause order indicating that it needed more information to understand the nature of Mr. Holland's claim and to determine if it could move forward. ECF No. 6. He filed a timely response, which the Court has reviewed. ECF No. 7. For the following reasons, Plaintiff's application to proceed in forma pauperis is **GRANTED** and his Complaint is **DISMISSED** pursuant to 28 U.S.C. § 1915(e)(2)(B).

1

## I.    Application to proceed in forma pauperis

Plaintiff has filed an application to proceed in forma pauperis, or without the prepayment of fees. 28 U.S.C. § 1915 (a)(1) provides that:

> Any court of the United States may authorize the commencement, prosecution or defense of any suit, action or proceeding . . . without prepayment of fees or security therefor, by a person who submits an affidavit that includes a statement of all assets . . . [and] that the person is unable to pay such fees or give security therefor.

If an application to proceed in forma pauperis is filed along with a facially sufficient affidavit, the court should permit the complaint to be filed. *See Gibson v. R.G. Smith Co.*, 915 F.2d 260, 261 (6th Cir. 1990). The Court finds Plaintiff's financial affidavit facially sufficient; therefore, the Court will **GRANT** Plaintiff's motion to proceed in forma pauperis.

## II.    Dismissal under 28 U.S.C. § 1915(e)(2)(B)

Once an in forma pauperis complaint has been filed, it is tested to determine whether it is frivolous or fails to state a claim for which relief exists. *See id.* at 261. The Court "shall dismiss the case" if:

> (A) the allegation of poverty is untrue; or
> (B) the action or appeal—
>     (i)     is frivolous or malicious;
>     (ii)    fails to state a claim on which relief may be granted; or
>     (iii)   seeks monetary relief against a defendant who is immune from such relief.

28 § U.S.C. 1915(e)(2)(B).

A complaint may be deemed frivolous "where it lacks an arguable basis either in law or in fact." *Neitzke v. Williams*, 490 U.S. 319, 325

(1989). Liberally construing the pro se Plaintiff's complaint and response to the show cause order, he seems to be alleging the following claims: (1) racial discrimination in violation of the Equal Protection clause, (2) retaliation in violation of the First Amendment, (3) civil conspiracy, and the state law claim of (4) intentional infliction of emotional distress. The Court will consider whether each claim may move forward.

### A. Background

Plaintiff's allegations as to both claims center on a common set of facts. On January 15, 2015, Holland plead guilty to the criminal misdemeanor charge of "Disorderly Person," in violation of M.C.L. § 750.167. On October 9, 2019, the Plaintiff filed a hate crime complaint using the Michigan Attorney General's Consumer Complaint Form against several individuals Plaintiff claimed were involved in an "lgbt hate group" or a "White Supremist/Gay Couple" gang targeting African-Americans. Hate Crime Compl., ECF No. 7, PageID.4, 35. He alleges that this group was plotting to murder him, and when that was unsuccessful to extort him and file false criminal charges against him, all in relation to a custody battle he was having with his child's mother. *Id.* Plaintiff's recitation of facts is lengthy, disjointed, and difficult to follow. The Hate Crime and Terrorism Unit of the Department of Attorney General reviewed Plaintiff's complaint and declined to pursue the matter because it did not fit the Unit's "hate crime criteria." Plaintiff was advised of this

declination decision.  Resp. to Show Cause Order, ECF No. 7, PageID.17. Yet, the Plaintiff alleges that this "was just nonsense and the real reason they didn't investigate the complaint is simple racism and corruption." *Id.*

Mr. Holland states that he was "working on an investment package for poor black and Puerto Rican children from his hometown and New York. Because of the Defendants Actions plaintiff lost that opportunity and is now seeking to made whole." Compl., ECF No. 1, PageID.6. He argues that because the Defendants "suppressed" his hate crime complaint and did not choose to investigate it, his previous conviction for disorderly person was upheld, causing him to lose investors in his real estate project. Resp. to Show Cause Order, ECF No. 7, Page.ID.24.

## B. Racial discrimination

Plaintiff alleges racial discrimination. He contends that the "Defendants cost Plaintiff over 15 years [sic] worth of work, simply because he is black and dared to speak up against racism and corruption in there [sic] city and against their office." Resp. to Show Cause Order, ECF No. 7, PageID.33. Plaintiff further alleges that the Defendants "ignor[ed] a Hate Crime complaint about the lgbtq gang on a black man" and this is evidence of "clear discrimination" in violation of the Equal Protection clause. *Id.* at PageID.24. He adds  that Defendants failed to investigate his hate crime complaint "simply because he was black." Compl., ECF No. 1, PageID.5.

Unfortunately for his case, however, Mr. Holland does not allege facts or refer to any evidence that would support the inferences he seeks to draw from the declination of his complaint. There is no factual basis alleged supporting his theory that the Defendants ignored his complaint based solely upon his race. There is also no evidence of a broader pattern of discrimination to support his allegations. The conclusory statements of Plaintiff, by themselves, are insufficient to state a claim.

## C. Retaliation

Mr. Holland next alleges that Attorney Doddamani, "in concert with Smith," used "her position in the attorney general office as the Head of the Hate Crime and Domestic Terrorism Unit to prevent a Hate Crime complaint … from being investigated." Compl., ECF No. 1, PageID.5. This action, Holland claims, "stop[ped] plaintiff from participating in his civil rights protected activities to speak out against the government over discrimination in Macomb County," which the Court will interpret to allege that it was retaliatory and violative of his rights under the First Amendment. *Id.*

The complaint lacks specificity regarding the causal connection between the Defendants' alleged retaliatory actions and the Plaintiff's exercise of his constitutional rights. The complaint fails to allege how the Defendants were aware of Mr. Holland's intentions to speak out against the government, nor what specific actions on their part constitute "retaliation." Mr. Holland does not allege any adverse action by the

Defendants to suppress his speech other than failing to investigate his claim. There is no allegation of fact showing any causal relationship between the decision to decline the complaint and any knowledge by the Defendants of Plaintiff's plans to exercise his free speech rights, or any interest of theirs in curtailing or discouraging his exercise of the same. This claim is also insufficiently alleged under Section 1915(e)(2)(B).

### D. Civil conspiracy

Mr. Holland also seems to make a claim for civil conspiracy under § 1983 that Doddamani and Smith were acting in concert to block an investigation into his filed hate crime. Compl., ECF No. 1, PageID.5. Again, there are only vague and conclusory allegations about their actions. He states no unlawful conspiratorial objective or reason for engaging in this conduct, nor does he identify any overt act in furtherance of the conspiracy. No federally protected right is indicated in his Complaint to give rise to a claim under § 1983. This claim also cannot be maintained.

### E. State tort

Mr. Holland's complaint could also be interpreted to make a claim for intentional infliction of emotional distress for the harm suffered when his complaint was not investigated. In a civil action where the district court has original jurisdiction, "the district courts shall have supplemental jurisdiction over all other claims that are so related to claims in the action within such original jurisdiction that they form part

of the same case or controversy." 28 U.S.C. § 1367(a). Addressing Mr. Holland's state tort claim would require the Court to exercise supplemental jurisdiction over it. But "the district courts may decline to exercise supplemental jurisdiction over a claim under subsection (a) if the district court has dismissed all claims over which it has original jurisdiction." *Id.* § 1367(c)(3). Given the conclusory nature of the pleadings, and the fact that no other federal claims will survive,[1] the Court declines to exercise supplemental jurisdiction over Mr. Holland's state tort claims.

## CONCLUSION

The Complaint is frivolous and must be dismissed. The Court notes that Mr. Holland has filed a number of lawsuits in this District regarding alleged civil rights violations against him, most of which have been dismissed. *See Holland v. Macomb, County of, et. al.,* No. 15-12849 (Cox, J.) (dismissed for failure to state a claim, affirmed by the Sixth Circuit); *Holland v. Nessel et. al.,* No. 21-10578 (Murphy, J.) (dismissed sua sponte for failure to state a claim); *Holland v. Madison Heights Police Department, et. al.*, No. 21-10629 (Michelson, J.) (Defendants' motion for judgment on the pleadings pending); *Holland v. Sherman, et. al.,* No. 21-11246 (Edmunds, J.) (dismissed sua sponte for failure to state

---

[1] In addition to the reasons already stated, the Court notes that Mr. Holland's claims against the Defendants are likely barred by some kind of immunity, whether sovereign or qualified immunity.

a claim); *Holland v. Sherman, et. al.,* No. 21-11319 (Goldsmith, J.) (amended complaint pending); *Holland v. Dwyre*, No. 21-11756 (Murphy, J.) (dismissed sua sponte for failure to state a claim); *Holland v. Mansfield, et. al.*, No. 21-11773 (Roberts, J.) (dismissed sua sponte for failure to state a claim); *Holland v. Fouts*, No. 21-12265 (Michelson, J.) (report and recommendation pending to grant Defendant's motion to dismiss); *Holland v. St. John Hospital, et. al.,* No. 22-10668 (Hood, J.) (two motions to dismiss pending).

*Nessel, Dwyre*, *Mansfield*, and this case all concern the same basic set of allegations regarding individuals who are targeting Plaintiff, as previously described. Despite repeated dismissals for failure to state a claim, Mr. Holland continues to file lawsuits related to this conduct. He has also been warned once that further frivolous filings may result in enjoined filer status. *See Holland v. Dwyre*, ECF No. 5, PageID.16-17, No. 21-11756 (Murphy, J.) ("The present order memorializes the second instance that the Court has dismissed a baseless complaint from Plaintiff. If any vexatious conduct continues, the Court may enjoin Plaintiff from filing new actions without first obtaining permission."). This would mean that any lawsuit Mr. Holland files would first be screened by a judge, and his lawsuit would only be able to proceed if that judge gave permission. This Court concurs with Judge Murphy's warning. If Mr. Holland files a second similarly frivolous complaint, he may be enjoined from filing new lawsuits or face other sanctions.

For the foregoing reasons, Plaintiff's request to proceed in forma pauperis is **GRANTED** and his Complaint is **DISMISSED WITHOUT PREJUDICE** pursuant to § 28 U.S.C. § 1915(e)(2)(B). The Court also certifies that any appeal would be frivolous and could not be taken in good faith, and therefore **DENIES** leave to appeal in forma pauperis. 28 U.S.C. § 1915(a)(3); *Coppedge v. United States*, 369 U.S. 438, 445 (1962).

SO ORDERED, this 28th day of July, 2022.

BY THE COURT:

/s/Terrence G. Berg
TERRENCE G. BERG
United States District Judge

9